IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SABREANA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO.: 1:13-cv-1079 |
| | § | |
| | § | |
| J. C. PENNEY CORPORATION, INC. and | § | |
| J. C. PENNEY COMPANY, INC. | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff SABREANA JOHNSON ("Plaintiff") and complains of Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY COMPANY, INC. and for her cause of action would show the Court as follows:

### INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, and the Texas Commission on Human Rights Act.

### PARTIES

2. Plaintiff SABREANA JOHNSON is a resident of Bell County, Texas.

3. Defendant J.C. Penney Corporation, Inc. is an entity that can be served by serving its registered agent, CT CORP SYSTEM at the following address: 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. Defendant J.C. Penney Company, Inc. is an entity that can be served by serving its registered agent, CT CORP SYSTEM at the following address: 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

5. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with its provisions against race discrimination and retaliation. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and on account of retaliation for participating in activity protected under Title VII.

6. This is also a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. § 1331, 42 U.S.C. § 2000(e) et seq., as amended, §704(a), 42 U.S.C. § 1981(a), as amended, and 42 U.S.C. § 1983.

8. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Williamson County, Texas.

## CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff, Sabreana Johnson, is African-American. Ms. Johnson was hired by J.C. Penney in Temple, Texas, in 1998 as a hairstylist. She worked in that position for J. C. Penney until October 2010, when she left voluntarily to go work for another hair salon, but then returned to work for J. C. Penney again in March 2011.

11. On August 13, 2012, Ms. Johnson contacted her District Manager and J. C. Penney's corporate office by phone to report that she believe that her manager was discriminating against her because of her race. Ms. Johnson informed the District Manager, who is located in Cedar Park, Texas, and a representative from the corporate office that her manager treated her and other African-American employees worse than she treated white employees in the salon.

12. On or around August 31, 2012, a representative from J. C. Penney's corporate office interviewed Ms. Johnson regarding her reports. Ms. Johnson provided the representative with additional detail about the discriminatory practices of her manager, including that she believed that her manager was prejudiced against African-Americans and Hispanics.

13. On September 7, 2012, J. C. Penney terminated Ms. Johnson's employment. Defendant's justification for terminating Ms. Johnson's employment, if it provides one, is a pretext for unlawful discrimination and retaliation.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII

14. The allegations contained in Paragraphs 1 through 13 inclusive are hereby incorporated by reference.

15.     Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendants. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

16.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17.     Defendants are employers within the meaning of Title VII.

18.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

19.     Defendants intentionally discriminated against Plaintiff because of her race (African-American) in violation of Title VII by terminating her employment. Defendants retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendants, suffered adverse employment actions as a result in that Defendants terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse

employment actions. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO - DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

20.     The allegations contained in Paragraphs 1 through 19 are hereby incorporated by reference.

21.     Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendants, including her termination because of her race and because of Plaintiff's opposition to Defendants' discriminatory practices.  There is no legitimate non-discriminatory reason for Defendants' actions, and if such a reason is propounded, it is a pretext. Furthermore, Plaintiff's race and her opposition to Defendants' discriminatory conduct were a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment.  Unlawful discrimination moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

22.     Defendants intentionally discriminated against Plaintiff because of her race or on the basis of her race in violation of 42 U.S.C. §1981 by unlawfully discharging her and in retaliation for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint, participated in a discrimination investigation, and opposed a discriminatory practice by Defendants, suffered materially adverse employment actions as a result in that Defendants terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the participation in a discrimination investigation, and the opposition to the discriminatory practice

and the adverse employment actions. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT THREE
## DISCRIMINATION AND RETALIATION UNDER THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

23. The allegations contained in Paragraphs 1 through 22 are hereby incorporated by reference.

24. <u>Discrimination</u>. The conduct of the Defendants towards Plaintiff, through their agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendants' employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

25. <u>Retaliation</u>. In addition, Defendants retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendants' employment decisions regarding

Plaintiff, including the decision to terminate Plaintiff's employment.

## DAMAGES

26. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

27. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## ATTORNEYS' FEES AND EXPERT FEES

28. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, 42 U.S.C. §1981, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

**JURY DEMAND**

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

TERRY, SIMON & KELLY, P.L.L.C.
1002 Rio Grande Street
Austin, Texas 78701
(512) 391-1955 Telephone
(512) 588-1726 Facsimile
kell@tsklawfirm.com

s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF