IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SABREANA JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:13-cv-01079-LY |
| | § | |
| J. C. PENNEY CORPORATION, INC. and | § | |
| J.C. PENNEY COMPANY, INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSED MOTION TO DISMISS AND
COMPEL ARBITRATION AND BRIEF IN SUPPORT THEREOF**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, and Fed. R. Civ. P. 12(b)(6), Defendants J. C. Penney Corporation, Inc. and J. C. Penney Company, Inc. (collectively "JCPenney") move this Court to dismiss the instant proceedings and compel Plaintiff Sabreana Johnson ("Johnson") to submit her claims via arbitration as required by the terms of JCPenney's Binding Mandatory Arbitration Agreement. In support of this Motion, JCPenney states as follows:

**INTRODUCTION**

On March 29, 2011, Johnson signed a Binding Mandatory Arbitration Agreement ("Arbitration Agreement"), in which she voluntarily agreed "to resolve disputes arising from, related to, or asserted after the termination of [her] employment through mandatory binding arbitration under the JCPenney Rules of Employment Arbitration."[1] Despite her agreement to arbitrate, Johnson filed this lawsuit complaining that the termination of her employment with

---
[1] *See* App. Ex. 1, Factual Basis for Defs.' Mot. to Dismiss and Compel Arbitration ("Factual Basis") at 1-3 & 5-6; App. Ex. 2, Affidavit of Eric S. Steindler ("Steindler Aff."), ¶¶ 7-8 & Ex. B.

1

JCPenney on or about September 8, 2012, was a result of racial discrimination and was retaliatory. While JCPenney disputes the substance of Johnson's allegations—Johnson was terminated because she made multiple threats of physical violence against her supervisor[2]—Johnson is precluded from prosecuting her claim in this (or any other) Court because she agreed to resolve any such disputes through arbitration.

Because there is a valid arbitration agreement covering the parties' dispute, this Court should dismiss this case and compel arbitration.

## ARGUMENT AND AUTHORITIES

When adjudicating a motion to compel arbitration, the court engages in a two-step process. First, the court determines "whether the parties agreed to arbitrate the dispute in question."[3] To make this determination, the court considers: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[4] In deciding whether the parties agreed to arbitrate the

---

[2] JCPenney takes threats of workplace violence very seriously. Johnson lost her employment at JCPenney because she made multiple threats of physical violence against her Salon Leader, Juanita Allen. For example, on August 21, 2012, after an argument between Johnson and her Salon Leader, Johnson said "I hate her [Ms. Allen]" and "[s]omething is going to have to happen because I'm going to punch her [Ms. Allen]." Johnson told her Store Leader that she was going to smack the Ms. Allen, and admitted she "just wants to hit her [Ms. Allen]." During the outside investigation by the District Loss Prevention Leader, Johnson admitted she threatened to hit Ms. Allen in front of other Team Members.

[3] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996) (per curiam); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute").

[4] *Webb*, 89 F.3d at 258 (citations omitted); *see also Johnson v. Trugreen Ltd. P'ship*, Cause No. A-12-CV-166-LY, 2012 U.S. Dist. LEXIS 188280, at *5 (W.D. Tex. Oct. 25, 2012) ("Courts conduct a two-step inquiry in determining whether parties should be compelled to arbitrate a dispute. First, the court determines whether the parties agreed to arbitrate the dispute by evaluating whether there is a valid agreement to arbitrate and whether the dispute falls within the scope of the agreement.") (citations omitted).

dispute, "courts apply the contract law of the particular state that governs the agreement."[5]

Second, the court decides "'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'"[6] If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute.[7] "If all of the issues raised before the district court are arbitrable, dismissal of the case is permissible."[8]

Here, a valid arbitration agreement specifically covering all of the claims asserted in this case exists between JCPenney and Johnson.[9] No legal constraints foreclose arbitration of Johnson's claims. Accordingly, this Court should dismiss Johnson's complaint in its entirety and compel her to submit her claims to arbitration.

I.  **JOHNSON'S CLAIMS ARE SUBJECT TO ARBITRATION**

   A.  **JCPenney's Binding Mandatory Arbitration Agreement with Johnson Is an Enforceable Contract under the FAA**

The FAA applies to the Arbitration Agreement. Section 2 of the FAA states "[a] written provision in any . . . contract . . . evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid,

---

[5] *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004) (citation omitted).

[6] *Webb*, 89 F.3d at 258 (quoting *Mitsubishi*, 473 U.S. at 628).

[7] *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

[8] *Johnson*, 2012 U.S. Dist. LEXIS 188280, at *5 (citing *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999)); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (citing cases).

[9] App. Ex. 1, Factual Basis, at 2-3 & 5-6; App. Ex. 2, Steindler Aff., ¶¶ 5-13 & Exs. B-C.

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[10]  The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power."[11]

The Arbitration Agreement is in writing and involves and/or affects commerce.[12] JCPenney operates retail stores throughout the United States selling various types of merchandise and services to its customers.[13] JCPenney purchases its inventory from domestic and/or overseas manufacturers, suppliers, and/or distributors, and such inventory is transported across state lines for delivery to JCPenney's retail stores.[14]  Agreements relating to an employment relationship, such as the one at issue here, also affect commerce.[15]  Because the Arbitration Agreement is written and involves interstate commerce, the FAA applies and the Arbitration Agreement is valid and enforceable.

      **B.**      **Johnson's Claims Fall Within the Scope of the Arbitration Agreement**

Johnson alleges Defendants intentionally discriminated against her because of her race by terminating her employment.[16]  She also alleges that her employment was terminated in

---

[10] 9 U.S.C. § 2.

[11] *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (citing *Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 273-74 (1995)).

[12] App. Ex. 1, Factual Basis, at 1-4; App. Ex. 2, Steindler Aff., ¶¶ 5-6, 11 & Exs. B-C.

[13] App. Ex. 1, Factual Basis, at 1 & n.1; App. Ex. 2, Steindler Aff., ¶ 15.

[14] *Id*.

[15] *Allied-Bruce Terminix Cos.,* 513 U.S. at 281-82; *see also Circuit City Stores v. Adams*, 532 U.S. 105, 119 (2001).

[16] *See* Complaint, [Doc. 1], ¶¶ 14-25, 27.

4

retaliation for having made a discrimination complaint.[17] Such claims are subject to arbitration under the FAA,[18] and the Parties mutually and voluntarily agreed to arbitrate exactly these kinds of disputes.[19] Indeed, Rule 3.B. specifically calls for arbitration of discrimination claims, retaliation claims, and wrongful termination.[20] Therefore, all of Johnson's asserted claims are within the scope of the Arbitration Agreement and should be compelled to mandatory arbitration under the FAA.

    C.    **JCPenney's Binding Mandatory Arbitration Agreement Is Valid Under Texas Law**

The validity and enforceability of an arbitration agreement is examined under Texas law regarding contract formation.[21] Here, Johnson had the opportunity to read the Arbitration Agreement and Rules, and consult with an attorney prior to signing the Arbitration Agreement.[22] Johnson voluntarily signed the Arbitration Agreement on March 29, 2011, as evidenced by her

---

[17] *See id.*

[18] *See Rojas v. TK Commc'ns., Inc.*, 87 F.3d 745, 748 (5th Cir. 1996) (affirming district court's dismissal of plaintiff's Title VII claim because plaintiff had agreed to arbitration in her employment contract); *Alford v. Dean Whitter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991) ("We hold that Title VII claims, like ADEA claims, are subject to arbitration under the FAA."); *Harris v. Yellow Transp., Inc.*, C. A. No. 3:08-cv-0884-N, 2008 U.S. Dist. LEXIS 112143, at *1, 7 (N.D. Tex. Oct. 1, 2008) (granting motion to compel arbitration of plaintiff's claims under 42 U.S.C. § 1981); *Lora v. Providian Bancorp. Servs.*, EP-05-CA-045-DB, 2005 U.S. Dist. LEXIS 14795, at *18 (W.D. Tex. July 22, 2005) (compelling arbitration of claims made under 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act).

[19] App. Ex. 1, Factual Basis, at 2-3 & 5; App. Ex. 2, Steindler Aff., ¶¶ 5-9.

[20] *See* App. Ex. 1, Factual Basis, at 3; App. Ex. 2, Steindler Aff., ¶ 9 & Ex. C, Rule 3.B.

[21] *Wash. Mut. Fin. Grp., LLC*, 364 F.3d at 264 ("[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement.") (citation omitted). There can be no real dispute that Texas law applies. Johnson was hired in Texas to work in the Temple, Texas store. *See* App. Ex. 1, Factual Basis, at 1; App. Ex. 2, Steindler Aff., ¶ 4. In Texas the elements necessary to form a valid and binding contract are (1) offer; (2) acceptance; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration. 14 Dorsaneo, TEXAS LITIGATION GUIDE, §210A.01 (Matthew Bender) (listing essential elements and citing cases).

[22] App. Ex. 1, Factual Basis, at 2-3; App. Ex. 2, Steindler Aff., ¶ 6.

electronic signature on the signature page of the document.[23] No one else could have signed for Johnson, and once the electronic signature was made, it could not be altered or deleted.[24]

Accordingly, the elements of offer, acceptance, meeting of the minds, and consent are satisfied. Furthermore, the Arbitration Agreement contains mutual promises to arbitrate, which constitute sufficient consideration for an arbitration agreement.[25]

## II. NO LEGAL CONSTRAINTS PRECLUDE ARBITRATION OF JOHNSON'S CLAIMS

As matter of federal law, written arbitration agreements are valid and enforceable unless they are invalid under principles of state law governing all contracts.[26] Because of the strong presumption in favor of arbitration, the party opposing arbitration bears the burden to demonstrate either that the agreement is invalid or, at a minimum, to allege the dispute is outside

---

[23] App. Ex. 1, Factual Basis, at 2-3 & 5; App. Ex. 2, Steindler Aff., ¶¶ 6-8. A party signing a contact presumptively knows its contents. *See Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). Electronic signatures are valid under both federal and Texas state law and have the full force and effect of signatures made with a pen and ink. 15 U.S.C. § 7001(a) (1) ("[A] signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form."); TEX. BUS. & COM. CODE §322.009 (a) ("An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable."); *see also Holmes v. Air Liquide USA LLC*, Civ. A. No. H-11-2580, 2012 U.S. Dist. LEXIS 10678, at *9-10 (S.D. Tex. Jan. 30, 2012).

[24] App. Ex. 1, Factual Basis, at 5 & n. 22; App. Ex. 2, Steindler Aff., ¶¶ 6-7.

[25] *See, e.g., In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010) ("Mutual promises to submit all employment disputes to arbitration is sufficient consideration for such agreements.") (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003)); *see also In re Halliburton Co.*, 80 S.W.3d 566, 572-73 (Tex. 2002).

[26] 9 U.S.C. § 2 (written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the revocation of any contract"); *see also Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 686-87 (1996).

of the agreement's scope.[27] Plaintiff has pleaded no facts that establish that the Arbitration Agreement is invalid or that her claims are outside the scope of the Arbitration Agreement.

### III. THE COURT SHOULD DEFER TO ARBITRATION AND DISMISS THIS CASE

The FAA reflects a "liberal federal policy favoring arbitration" and requires courts to vigorously enforce agreements to arbitrate.[28] Congress' intent was "to move the parties to an arbitrable dispute out of court and into arbitration *as quickly and easily as possible*."[29] The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed."[30] Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.[31] Furthermore, when, as is the case here, all of the issues raised before the district court are arbitrable, dismissal of the case is appropriate.[32]

Accordingly, this Court should resolve any doubts regarding the scope and enforceability of the Arbitration Agreement in favor of compelling arbitration and dismiss this lawsuit.

### CONCLUSION

Johnson signed a valid and enforceable Binding Mandatory Arbitration Agreement, which applies to the claims made in this case, and agreed to be subject to the policies and procedures of JCPenney when she signed the Arbitration Agreement and Universal

---

[27] *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

[28] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

[29] *Id.* at 22 (emphasis added).

[30] *Dean Whiter Reynolds Inc.*, 470 U.S. at 218.

[31] *See id.*; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

[32] *See Alford*, 975 F.2d at 1164 (affirming district court's dismissal of case because all of plaintiff's claims were subject to arbitration and stating "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration) (citations omitted); *Johnson*, 2012 U.S. Dist. LEXIS 188280, at *6.

7

Acknowledgement in March 2011.  JCPenney, therefore, respectfully requests that this Court grant this Motion to Dismiss and Compel Arbitration, award JCPenney its costs and fees for responding to Johnson's complaint filed in an inappropriate forum, and award any further relief to which the Court deems it entitled.


Dated:  February 11, 2014						Respectfully submitted,

									*/s/ Jane Ann R. Neiswender*
									Jane Ann R. Neiswender
									Texas State Bar No. 24048312
									jneiswen@jcp.com
									J.C. PENNEY CORPORATION, INC.
									6501 Legacy Drive, M.S. 1122
									Plano, TX  75024
									Telephone: 972.431.5125
									Telecopier: 972.531.5125

									***Attorney for Defendants***
									***J. C. Penney Company, Inc.***
									***J. C. Penney Corporation, Inc.***

**CERTIFICATE OF CONFERENCE**

   I hereby certify that I conferred with Kell Simon, counsel for Plaintiff, via telephone on February 3, 2014, regarding the relief requested herein. Counsel for Plaintiff stated that he is opposed to the requested relief, and this Motion is therefore filed with the Court for its determination.

                   */s/ Jane Ann R. Neiswender*
                   JANE ANN R. NEISWENDER


**CERTIFICATE OF SERVICE**

   I hereby certify that on this 11th day of February, 2014, I caused to be served a true and correct copy of Defendants' Opposed Motion to Dismiss and Compel Arbitration and Brief in Support Thereof on all counsel of record via CM/ECF, in accordance with the Federal Rules of Civil Procedure and Local Rule CV-5.

                    */s/ Jane Ann R. Neiswender*
                   JANE ANN R. NEISWENDER